EARL BRANDON MARLIN v. ROBERT FRANK MOSS AND HOMER E. ARNOLD.

(Filed 29 April, 1964.)

**Automobiles § 41f—**

    In this action by a motorist to recover for a collision with a car which was parked on its left side of the highway, partly on the hard surface and partly on the shoulder, resulting when plaintiff mistook two small lights on the vehicle to be tail lights of a car traveling in the same direction as plaintiff, and crashed into the car when blinded by bright lights suddenly turned on in his face, the evidence *is held* sufficient to be submitted to the jury on the issue of negligence and not to show contributory negligence as a matter of law.

APPEAL by defendants from *Armstrong, J.,* August 1963 Civil Session of CABARRUS.

On January 11, 1961, about 10:15 p.m., there was a collision on Lane Street (Jackson Park section of Kannapolis) between an Oldsmobile owned and operated by plaintiff and a Ford (taxicab) owned by defendant Arnold and operated by defendant Moss as Arnold's agent. As a result, plaintiff sustained personal injuries and his car was damaged.

Plaintiff alleged the collision was proximately caused by the negligence of defendants. In plaintiff's action, the pleadings raised issues of negligence, contributory negligence and damages. Arnold alleged a counterclaim for the damage to his taxicab.

The only evidence was that offered by plaintiff. Defendants' motion for judgment of nonsuit was denied. Arnold took a voluntary nonsuit as to his counterclaim.

In plaintiff's action, the jury answered the negligence issue, "Yes," the contributory negligence issue, "No," and awarded damages. Judg-

ment for plaintiff in accordance with the verdict was entered. Defendants excepted and appealed.

*Williams, Willeford & Boger for plaintiff appellee.*
*Hartsell, Hartsell & Mills and Harold H. Smith for defendant appellants.*

PER CURIAM.  The only question presented by defendants' appeal is whether the court erred in denying defendants' motion for judgment of nonsuit.

There was evidence tending to show the following:

Lane Street, a two-lane street with marked center line, ran generally east and west. The paved portion thereof (tar and gravel) was approximately 18 feet wide. On each side of the pavement, there was a dirt shoulder 3-4 feet wide.

Plaintiff was proceeding west in his right (the north) traffic lane. The taxicab, proceeding east, had crossed to its left of the center line and was parked (headed east) in front of the house at 2137 Lane Street. While so parked, it was partly in its left (the north) traffic lane—the lane for westbound traffic—and partly on the north shoulder.

Plaintiff, traveling upgrade and coming out of a curve, noticed "two small lights" in his traffic lane some 150-200 feet ahead. They appeared to be the taillights of a westbound car. Plaintiff reduced his speed to approximately 25-30 miles per hour. When he got about 50-60 feet from these lights, "there came a sudden glare of bright lights in (his) face." Blinded and confused by these bright lights, he undertook to stop by putting on brakes and turning his car toward his right but collided with the front of the taxicab. Two-thirds or three-fourths of the taxicab was on the pavement.

While all the evidence has been closely examined and considered, further discussion thereof would serve no useful purpose. Suffice to say, in our opinion the evidence, when considered in the light most favorable to plaintiff, was sufficient to require that the issues of negligence and contributory negligence be submitted to and determined by the jury. Hence the court's denial of defendants' motion for judgment of nonsuit was correct.

No error.